JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV11-00967-RGK (PJWx) | Date | February 10, 2011 |
|---|---|---|---|
| Title | *MADDOX v. CONTINENTAL CASUALTY CO.* | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|

| Sharon L. Williams | Not Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**     **(IN CHAMBERS)** Order Remanding Action to State Court

On August 10, 2010, James Maddox ("Plaintiff"), filed suit against employer Continental Casualty Co. ("Defendant"). In his Complaint, Plaintiff asserts state claims for (1) failure to provide meal and rest periods in accordance with Cal. Lab. Code §§ 226.7, 512; (2) failure to pay overtime in violation of Cal. Lab. Code §§ 1198, 1194; (3) failure to provide accurate itemized statements in violation of Cal. Lab. Code § 226(a)-(g); (4) waiting time penalties; and (5) violation of the California Unfair Competition Law (Bus. & Prof. Code § 17200 *et seq.*).

On February 1, 2011, Defendant removed the action to this Court alleging diversity of citizenship. Upon review of Defendant's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involves an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). Defendant adequately shows that the parties are citizens of different states. However, Defendant attempts to show that the amount in controversy exceeds $75,000, but do not succeed on the facts alleged.

Defendant calculates the amount in controversy by making significant assumptions. As to the first claim, Defendant assumes at least two missed meal periods and/or rest breaks per week. As to the second claim, Defendant assumes at least 10 hours of overtime per week. Based on these assumptions, Defendant has arrived at an amount in controversy equal to $75,260.

Equally valid assumptions could be made that result in damages that are less than $75,000. Without any evidence supporting Defendant's assumptions, the Court finds Defendant's calculations

unpersuasive.

In short, Defendants ask the Court to speculate as to the number of overtime hours worked and the number of missed meal periods and rest breaks taken. The Court cannot base jurisdiction on Defendant's speculation and conjecture. *Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 1002 (2007). Even with the inclusion of attorneys' fees in the calculation, Defendant is no closer to carrying its burden because there is no basis for estimating the two claims that Defendant primarily relies upon to meet the jurisdictional threshold. *See id.* Accordingly, Defendants has failed to satisfy its burden that the amount in controversy meets the jurisdictional requirement.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |  |
|---|---|---|
| Initials of Preparer | slw |  |